The case will be restored to the calendar for further proceedings under Rule No. 62.

ST. JOSEPH VALLEY BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19984.   Promulgated February 1, 1929.

*Robert C. Cooley, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

187

OPINION.

SIEFKIN: Section 234 (a) (5) of the Revenue Act of 1921 provides for deduction of:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Deductions under this section are conditioned upon the concurrent happening of two actions on the part of the taxpayer. The debt must be ascertained to be worthless and it must be charged off—both actions occurring within the taxable period.

Apparently petitioner contends the second prerequisite, i. e., the charge-off, is a technical provision. Perhaps that is true but it can not be disputed that it nevertheless is a requirement that demands recognition. It was enacted to insure a reasonable relationship between the deduction and the taxable period to which that deduction is applied. Several cases involving the question whether dividends were in fact declared were cited to show that " the rights of parties

can neither be established or impaired by booking methods." That is true in such cases, where book entries are mere evidence of an ultimate fact. But with respect to bad debts such entries are expressly made one of the ultimate facts upon which the right to deduction is conditioned. Petitioner also cites several cases, *Thomas J. Avery*, 5 B. T. A. 872, and *Milling Moore Mercantile Co.*, 5 B. T. A. 1060, in which this Board considered what constituted a charge-off under several different methods of bookkeeping. They, however, are obviously authority for the proposition that there must be some sort of charge-off where any books are kept.

We deem it unnecessary to make an extended review of the many cases deciding what is or is not a charge off, in view of the fact that in this case there was no attempt made to charge off the full $50,000. On the contrary, the evidence is clear that the failure to charge off was deliberate and for a purpose. We are not concerned with the propriety of reasons or excuses for deferring or postponing the act of charging off, but whether the act in fact occurred.

Petitioner relies principally upon the decision in the case of *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339. In that case the taxpayer claimed a deduction for a debt ascertained to be worthless and charged off and likewise claimed a deduction for an additional amount which had been added to a reserve maintained for bad debts. The taxpayer conceded that the entire deduction for bad debts should properly have been taken in the form of an addition to the reserve rather than dividing the total deduction into two claims under the alternative provisions, but urged that the failure to follow the proper form of deduction should not defeat that part claimed by erroneous form. The court upheld the contention and allowed the total of the two claims as an allowable addition to the reserve.

Apparently petitioner argues that if a deduction, taken by the charged-off method when it should have been taken by the reserve method, is allowable as an addition to the reserve, then a deduction erroneously taken by a reserve method should be allowed as a straight deduction. In other words he would have us hold that the setting up of a reserve is the equivalent of a charge-off, the difference being one of form rather than substance. Such a proposition may have intrinsic merit, but it has nothing to do with the case herein presented. It totally disregards the fact pointed out above, i. e., that no reserve was set up. A clear distinction exists between an error in the method or form of compliance with prerequisites and total failure to comply.

*Judgment will be entered for the respondent.*